I'll try, Your Honors. Please, the Court, my name is David Zugman. I represent Petitioner Joseph Jensen. Your Honors, this case, I think, pretty clearly comes down to whether the statements of George Taylor to his attorney, Todd Rash, were testimonial. And while the Supreme Court declined to give us an exact definition of what testimonial is, we know that testimonial features at least two attributes, both of which are clearly here. Number one, that the statement is ex parte. We know that's the case because it was just a conversation between Mr. Rash and Mr. Taylor. The second is whether there was a prior right to cross-examination. Obviously, Mr. Jensen, a prior right to cross-examination for Mr. Jensen with respect to the statements of Mr. Taylor. JENSEN Basically, it was hearsay and there has been no cross-examination on that hearsay. PLILER Correct. Although, when we get to testimonial, I mean, I guess it's more than just hearsay because hearsay would embrace, you know, offhand remarks, things that the Supreme Court told us in Crawford that wouldn't be embraced in the definition of testimonial. But I think that when we're talking about a confession of a defendant who is in custody, talking about the historical narrative of a crime that has occurred, it would shock the court in Crawford. It would shock the framers. It would shock all of the historical precedent to say that that statement, that confession, is somehow not testimonial. JENSEN Does it matter that it's a statement to his attorney rather than a statement to police interrogating him or something like that? PLILER Well, you know, it would be helpful for my position were Todd Rash defined to say, I don't think I'm going to get that finding. So, I think that it is true that a statement is necessarily testimonial if it's made to a government agent who is investigating a crime that is already completed. And, you know, if that were the case, then we wouldn't be talking about whether this was testimony or not. But just because it is always the case that a government agent investigating a crime means something is testimonial, that doesn't, you know, strictly define the parameters of what constitutes testimonial. As I said in my brief, were the test that simple, I assume the Supreme Court would have told us that. You know, at the end of Crawford, they say that, you know, we're going to leave the exact definition of testimonial for another day. But I think it's interesting that within the historical precedent cited by the court, the Fenwick case, the Payne case, the trial of Sir Walter Raleigh, we're talking about ex parte affidavits. The civil law mode of the admission of evidence is what the Supreme Court was concerned with in Crawford. And it's hard to see the statements of Mr. Taylor to Mr. Rash being analytically different than a deposition or an affidavit taken by a party or an attorney of his own party. And that sort of evidence would not have been admissible at the, well, I mean, that's the exact sort of abuse that animated the framers to include the Sixth Amendment in the Constitution. In Crawford, one of the main cases relied upon is Maddox. And this court in Bochting v. Baird relied on Maddox in finding that, you know, Crawford was going to be retroactive. And I just want to quote briefly from Maddox. The primary object of the Confrontation Clause was to prevent depositions or ex parte affidavits being used against prisoners in lieu of a personal examination and cross-examination of the witness in which the accused has an opportunity not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face-to-face with the jury, nor they may look at him and say, depositions, affidavits. That has nothing to do with the identity of the person who is taking the deposition or who is drafting the affidavit. It's all about these are ex parte statements made. And indisputably, that's what occurred here. I think it's crucial to understand that if the statements of George Taylor are excised from the record, then this whole case falls apart for the prosecution. Their whole theory on both murders That's not the test, though. It's not whether the testimony is important. It's whether it was testimonial. Oh, correct. I was moving on to the harmless error question. It is true that I've got to get past that first hurdle. Now you're at the next hurdle. Yeah, the next hurdle is the harmless error hurdle or the A little smaller hurdle for you here. Thankfully, the testimonial one is tough enough. The whole theory of the prosecution is based in the statements of George Taylor. That's what gives really the historical narrative of how the Kevin James homicide occurred, and it's what gives motive for the subsequent killing of George Taylor. So if you take that out, all you have left are the statements of my client, who consistently denied understanding anything that was going on, and given that he was 19 years old, he was consistently under the influence of narcotics, and his general intelligence doesn't seem to be at the highest stagnant, they don't have a very strong case against my client without the statements of George Taylor. And even though it may well be the case that they had a real good case against Shelby Harris and they had a real good case against Lisa James because of the letters that were exchanged between them, which is an incredible fact in and of itself, this case against my client, which is what this court should be focused on, would be substantially weakened. And this court should reverse the district court's decision because the district court, of course, assumed that Crawford wouldn't be retroactive. Now, as your honors are all aware, the case didn't go en banc. The Supreme Court has denied review. So this is the law of the circuit for less than until this court takes it en banc. So I think these statements have to be deemed to be testimonial, and I think that your honors should issue, should reverse the decision of the district court and actually order a new trial for Mr. Jensen. And I'd like to reserve the remainder of my time. Thank you for the argument. Your time has retained. May it please the court. Scott Taylor, California Deputy Attorney General. I think it's inescapable the irony of this case, which is that an appellant who brought a man out into the desert, shot him in the back of the head without warning, a man who was a friend of his, now comes into court and complains that he hasn't had his right to confrontation. Being that as it may, the Supreme Court in Crawford, I think if they were looking for an example of non-testimonial, they couldn't find one more to the extreme of non-testimonial than the statements by George Taylor to his attorney. In Crawford, they talk about the abuse that they're trying to correct were ex parque statements that were intentionally brought into a later trial without the witness being present. The justices of the peace that did this were government officers. That's what they talk about. They talk about government officers or other people that take statements with the idea that they're going to bring them into court later and to be presented against the accused. In this case, we don't have a government officer. We don't have a police officer. The very broadest definition that you can take out of Crawford, the very broadest, is any statement where the declarant believes that the statement may later be used in some sort of litigation or proceeding. Even that broad definition doesn't apply here. George Taylor never believed that his statements would be used. They were given to an attorney in a privileged setting. He specifically said to his attorney, I never want anybody to find out about this. Given everything he said to his attorney and given that broad definition, the broadest definition of the formulations that the Supreme Court gave us, this certainly can't be deemed a testimonial statement. Now, I want to talk briefly about and urge you to apply forfeiture by wrongdoing in this case. Where else? I mean, this, again, this is a perfect case for this. We have a factual finding by the jury as a circumstance in aggregate. We only get to that issue if we determine that the statement was testimonial. That's true, or, you know, which came first, the chicken or the egg? I suppose you could come to the conclusion that he's forfeited any confrontation right by his wrongdoing and therefore not get to the issue of testimonial. I think both of them are very, very strong issues for us. But here you have a factual finding by a jury that not only did this appellant kill the declarant, but that this appellant killed the declarant because he was going to be a witness. Once you have that, you have Crawford talking about the fact that they accept the doctrine. That's because the testimony, if you will, the statement, came in. Yes. So, well, go ahead. Well, and I see what you're saying, and that sort of goes to the harmless error analysis. I mean, jumping over there for a second, one thing is the murder of George Taylor, his statement did nothing to help that in terms of the proof. We had this Terence Bledsoe who was there at the time and watched the appellant shoot George Taylor in the back of the head. We had all these different statements and different evidence that connected them. So George Taylor's statement about the Kevin James murder had nothing to do with his own murder. And even if this court found it testimonial, decided not to use the forfeiture by wrongdoing, it's certainly harmless error under the Brecht standard in terms of the murder of George Taylor, because that statement did nothing. Counsel suggests that it provided motive. Well, there's certainly plenty of evidence to show that that group of people was involved in a conspiracy in the murder of Kevin James. So when you have an eyewitness and all the ballistics evidence and all the statements by Mr. Jensen, it's clear that the statement of George Taylor to his attorney had nothing to do with a proof of George Taylor's own murder. But just to go back to forfeiture by wrongdoing, there couldn't be a case where this should be applied more. We have a factual finding that the declarant was killed because he was a witness. We know that Jensen shot him in the back of the head based on evidence other than the statement of George Taylor. And in Crawford, the U.S. Supreme Court has told us we accept the doctrine of forfeiture by wrongdoing. We've cited a number of federal cases that accept that. So given all that, I think this is a case that it's inescapable that you would have to apply that doctrine. Well, does this meet the California requirements for the wrongdoing exception? Well, no, it doesn't, Your Honor. But that California exception is a hearsay exception. It's not a confrontation clause exception. The confrontation clause exception, which Crawford accepts and other federal courts have accepted, is one where confrontation clause is waived if you forfeit by wrongdoing. And I think some of the elements are that you had to have the intent to stop a witness from testifying that you, in fact, did commit the murder. All of those factual findings have already been made here. The evidence code section that was referred to by counsel in his reply brief is a hearsay exception, which allows statements to come in if you meet certain qualifications. And you go down a list of different qualifications, and that allows for a hearsay exception. Certainly, I believe if you meet that hearsay exception, you would also meet the confrontation clause exception. But this confrontation clause exception for forfeiture by wrongdoing is much broader than that, and you don't have to meet all of the procedural hoops that the California statute requires. Now, what's the history of that issue in this litigation? Was it raised in the state court? No, it wasn't, Your Honor. Was it raised in the district court? No, it was raised in this court. So how do we get it? In other words, we're not a trial court. We take cases that come to us and we look at the record that comes with them, and it's pretty tough for us to pick up a brand new issue that nobody's ever raised before. Well, I can see that point, Your Honor. I guess the point that I would make is the first time Crawford has been raised is in this court as well. So it seems to me inherently unfair that you could... Crawford was decided after the district court made its decision, wasn't it? Well, it was decided after the report and recommendation came out, and then the district court, in adopting the report and recommendation, made a conclusion that obviously it's not retroactive, so it's not really applicable. But here we have a situation where for the It seems to me inherently unfair that for the first time, if you're going to apply Crawford retroactively, that the respondent wouldn't be allowed to bring up forfeiture by wrongdoing, which in fact is a defense or a waiver of the Confrontation Clause under Crawford. It may be that we can, if we needed to, we could reach the forfeiture by wrongdoing issue if it's a purely legal issue based on the record that's made below. But do I understand correctly that that issue would not be reached if we determined that the statement to the attorney was not testimony? Yes, that's true. And so I've got to get to that issue, which I think your colleague on the other side of the heart of the case. What's the U.S. Attorney's position on what has the Supreme Court told us is confrontational, what have they told us is not confrontational, or what have they told us is testimonial, and what have they said is not testimonial, and what's the government's argument as to why this isn't testimonial? And although I appreciate the new job, I'm actually the State Attorney General's office. I'm sorry about that. No, that's all right. It's a promotion. You'd probably make more money where you are anyway if you were better off. You'd be surprised. I'm actually more interested in the State Attorney General's argument on this one. Well, if you read the Crawford case, what they talk about is they talk about the evil that they're trying to get at is a government intentionally going to a hearsay declarant, a person, a witness, taking a statement with them with the eye towards bringing that in later. When they talk about all the different things, they talk about different trial testimony, preliminary hearing testimony, testimony before a grand jury, and police interrogations. They also talk about situations where the reason police interrogations applies is because they say the justice of the peace, which is a government officer, that a police officer is just the same sort of government officer as the justice of the peace, so it goes to the heart of that. But they also recognize that there's a whole group of statements that are going to be non-testimonial, the kinds of statements that the framers didn't intend to identify as statements that they didn't want to use. Here what you have is you have a statement made to an individual. Forget for a moment the argument about him being an officer of the DEA. I don't think that holds any water. You have a private person in a setting in custody where it's privileged, and it can't be told to anybody. It could never be used in another proceeding, except for the fact that the declarant winds up being killed by the appellant in this case. So what they talk about in Crawford is there's a bunch of different formulations, and clearly they haven't given us much guidance in that regard. But they go from Justice Scalia and Justice Thomas and White talking about only formalized statements to the broad range of any statement, I think it's Professor Friedman, that talks about any statement that the declarant is objectionably, reasonably believes is going to be used in a further proceeding. Well, even if you use that formulation that's way on the outside in terms of over-inclusive, this doesn't apply. George Taylor under no circumstances would have thought that this would be used in a future proceeding. And it's funny because even if you believe that Mr. Rash was a government agent, if George Taylor didn't know that, it's still not testimonial. Because the broadest definition of testimonial is any statement where the declarant believes it might be used in a proceeding. And clearly this declarant knew that it would never be used in any sort of proceeding, and it's not a government officer. One thing I'd like to add here is I think we've all talked about how Ohio v. Roberts, this is reliable. We're over time. Okay. You can add, since I drew you out on that last question, you can go ahead and add something. I'll add some time to Mr. Friedman. Okay. Thank you, Your Honor. And I would just add that if you, as you should, come to a conclusion this is non-testimonial, our position is Ohio v. Roberts doesn't even apply. I think there's a lot of language in Crawford and from other cases that have followed Crawford that says if it's testimonial, it has confrontation clause scrutiny. If it's not testimonial, confrontation clause doesn't apply, and you're really left to the state hearsay rules to decide admissibility. And I would suggest that in this case where it's not testimonial, you don't even use the Ohio v. Roberts reliability standard. Thank you very much. Okay. Thank you, Mr. Chairman. Mr. Friedman, we'll add a couple of minutes to your time if you need it. I doubt I will. Go ahead. Okay. I want to talk briefly about the forfeiture issue. Below, Mr. Jensen objected on confrontation grounds when he was in the trial court. At that point, the government had every ability and incentive to argue forfeiture. It did not. Mr. Jensen appealed to the California Court of Appeals. At that point, the government had every ability to argue forfeiture. It did not. Got to the district court. They didn't argue forfeiture again. The confrontation issue has been consistently raised by Mr. Jensen. Now, it's true to say that Mr. Jensen did not have the foresight to say that Crawford was going to come down the way it did. However, his objection is confrontation, and now Crawford gives this court the extension of what confrontation means. So, it's not the case to say that, well, this is really unfair to apply a waiver doctrine to the government because they couldn't have anticipated Crawford. Well, you know, ultimately, if we're talking about fairness in the context of a DEPA, we're talking about who waives what. I mean, come on. A habeas petitioner waives pretty much anything. Isn't it just a strictly legal issue that is based on the record that we've got? I've got to disagree because it's an equitable issue to begin with. I mean, that's what it says in Crawford is that the doctrine of waiver by forfeiture is primarily an equitable concern, and equitable concerns, I think, are always interlaced with the facts. I mean, ultimately, what you have here is the jury that convicted Mr. Jensen of this killing did so in the context of hearing these are George Taylor's statements. This is why he did what he did. You know, we didn't even – the trial court didn't make some initial Borgeli-like finding that these statements – you know, I find that Mr. Jensen killed, you know, Mr. Taylor, and therefore, you know, I think these statements can come in because they're found by a preponderancy evidence. Nothing of the sort occurred. The jury made its finding that he killed him, that Jensen killed Mr. Taylor. There's no question about that. However, as Your Honor was pointing out, that's only in the context of hearing Mr. Rasch's recitation of Taylor's statements. It's not – Did Mr. Rasch's recitation have any bearing on the killing of Mr. Taylor? Well, I don't – The termination of that? How would it have affected that? Well, I mean, Rasch's – Taylor's statements were that Taylor had gone and spoken to an attorney and has essentially confessed, and that was the reason that he was killed, that they wanted to prevent the in-court testimony. So that's the whole motive. That's the theory. That's the motive. Yeah. Is that what they testified? But I was wondering how they nailed – what's his name – Jensen with the Taylor murder. I think the government is not – the facts of the murder of Taylor are not as crystal clear as the government would make it. They have – I mean, they had Harris and Bledsoe in the vehicle, and Bledsoe, I mean, in terms of reliability, he's got to be one of the least reliable witnesses you're ever going to see. He repeatedly said that Kevin James was killed by Jamaicans. He said that Oscar Hernandez had killed George Taylor. He said George Taylor had pulled a gun on Shelby Harris. He said he knew where the gun was hidden, but the police went there and it wasn't there. I mean, this case came down to two interlocking statements, and those are the statements of Bledsoe and the statements of Taylor. Bledsoe you can't believe. I mean, Bledsoe standing alone wouldn't be worth any – has no credibility, really. And then the statements of Taylor, Mr. Jensen doesn't have a right to – has never afforded the opportunity to cross-examine Mr. Taylor. And let's not forget the fact that Todd Rash took notes of those statements and then destroyed them. That's just strange. Your Honors, I think that this is a case where these statements were testimonial. The framers clearly would decide that they were and that Your Honor should issue the writ. Thank you. Thank you very much for your argument. We thank both counsel for their spirited arguments and this case of Jensen v. Taylor is submitted.
judges: Thompson, Gould, T. Nelson